OPINION
On October 21, 1992, Daniel Lee Barnes and Gay Barnes were husband and wife. Daniel Barnes had a history of emotional instability and was enraged because of a report he had received that his wife had engaged in sexual activity with someone else while Mr. Barnes was incarcerated. He beat his wife severely during the night of October 21, 1992. The couple also apparently engaged in sexual activity sometime before or after the beating.
When police investigated the beating, Gay Barnes initially claimed that she had been beaten and raped by two intruders. Later, this story, concocted by Daniel and Gay Barnes, fell apart. Mr. Barnes was subsequently indicted on two counts of rape, one count of kidnapping, and one count of felonious assault. He was incarcerated with a bond set at $100,000 surety.
Counsel was appointed to represent Mr. Barnes and trial was scheduled for December 24, 1992. The case was continued to January 4, 1993, over defense objection, because "there are no jurors available to try this case." The case was apparently continued again by the court to January 11, 1993, to allow a second, newly-appointed defense counsel time to prepare for trial. The new attorney had been appointed December 30, 1992.
The case ultimately proceeded to trial with defense counsel having spent virtually no time preparing. Gay Barnes testified on her husband's behalf and made statements which led to another continuance, this time for a psychiatric evaluation. Before the new trial date and before the psychiatric evaluation, Mr. Barnes entered a guilty plea to the felonious assault charge. He was sentenced to a term of five-to-fifteen years of incarceration. The remaining charges were dismissed.
On February 11, 2000, a hearing was conducted to determine if Mr. Barnes is a "sexual predator." The trial court ultimately determined that Mr. Barnes should be so classified.
Daniel Lee Barnes (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
Appellant contends that the trial court erred in finding appellant to be a "sexual predator" because the state failed to meet its burden of satisfying such a finding by clear and convincing evidence.
A "sexual predator" is defined as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The issue in a sexual predator hearing is whether the state has proven by clear and convincing evidence that the offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3);State v. Cook (1998), 83 Ohio St.3d 404. "Clear and convincing evidence" is more than a preponderance of the evidence but does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992),82 Ohio App.3d 341, 346.
In making its determination that an offender is a sexual predator, R.C. 2950.09(C)(2)(b) provides that the court "shall consider all relevant factors, including, but not limited to, all of the factors specified" in R.C. 2950.09(B)(2), which are:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexual oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Turning now to the record before us, the transcript of the February 11, 2000 predator hearing reveals that no live testimony was presented. The trial judge found that Mr. Barnes is a sexual predator, stating:
 Well, even without the evidence that's being challenged, it's obvious to the Court that he [appellant] should be declared a sexual predator just by looking at the record of arrests and convictions that go on from the time he was 17 until every few months except when he was in prison. And while they're not necessarily captioned as sex offenses, there are quite a number of assaults and domestic violences. Some of them were dismissed. Some of them weren't. Several of them involve women.
 It appeared during the trial that Gay Barnes was a battered woman, and that's why she was so afraid to testify, and the tape [Detective] Patrick Dorn had had to be used. I think there's a very strong propensity to reoffend, so I would declare him as a sexual predator.
* * *
 * * * I start from the point that the facts in this one case were so egregious that it seems that anyone that would do this one time to a woman with sex involved would be likely to do it again. And then I look at the record. It simply reconfirms that opinion over and over again. And even though most of the these are assault cases on his record, some of them did involve women, so I think that there is clear and convincing evidence that there's a high propensity to reoffend. So I would stick with the designation as sexual predator. [Tr. 15-16; 20.]
To reiterate, a "sexual predator" is defined by R.C. 2950.01(E) as "a person who has been convicted of * * * committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
Felonious assault, the offense to which appellant pled guilty, is not typically a "sexually oriented offense," but it may be considered a sexually oriented offense when it is committed "with a purpose to gratify the sexual needs or desires of the offender." R.C. 2950.01(D)(3).
A felonious assault does not become a sexually oriented offense merely because "sex [was] involved." The trial court did not use the proper legal standard in evaluating either appellant's original convictions or his propensity to commit sexually oriented offenses in the future. Instead, the trial court focused almost exclusively on appellant's history and tendency to engage in acts of violence.
As discussed infra, for a person to be adjudicated a sexual predator, the record must establish by clear and convincing evidence that the person will engage in sexually oriented offenses in the future. The label "sexual predator" should not be applied merely because an individual has engaged in conduct which is reprehensible, but because the individual presents a real danger to the community of committing future sexually oriented offenses. This determination must be made with an appropriate application of the legal standards set forth in R.C. 2950.01.
The record before us does not reflect application of the requisite legal standard. Therefore, the assignment of error is sustained.
The judgment of the trial court is reversed and this cause is remanded for further proceedings to determine if appellant has been convicted of a sexually oriented offense; and, if so, to determine if appellant is likely to commit one or more sexually oriented offenses in the future.
KENNEDY, J. concurs
BRYANT, J., dissents.